**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Pedro D.,

Petitioner,

v.

Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement,

Respondents.

Case No. 26-cv-0688 (KMM/EMB)

**ORDER TO SHOW CAUSE**

On January 30, 2026, the Court granted Petitioner Pedro D.'s Petition for a Writ of Habeas Corpus. (Dkt. 5). Specifically, the Court ordered Respondents to release Pedro D. within 24 hours of the Court's order "**with all of his personal effects seized during his arrest**[.]" (*Id.* at 4 (emphasis in original).)

On February 1, 2026, Respondents filed a Status Update informing the Court of Petitioner's release and "that Petitioner is coordinating directly with ICE to secure the return of personal property that was not given to him upon release." (Dkt. 7 at 1.)

On February 6, 2026, Pedro D. filed a Status Update (Dkt. 8) informing the Court of Respondents' ongoing violation of this Court's January 30, 2026 Order by "fail[ing] to

return Petitioner's cellphone, identification documents, and car keys." (*Id.* at 1.) "At the suggestion of Respondents' counsel, on February 1 at 11:05 a.m., Petitioner's counsel [had] sent a message to an ICE public inquiry email address inquiring as to the status of Petitioner's personal effects," only to receive "a single automated response." (*Id.* at 1.) By that point, "counsel for Respondents ha[d] indicated that Petitioner's identification documents [were] available for Petitioner to retrieve but ha[d] provided no answer as to when, or even whether, Petitioner's cellphone and keys will be made available." (*Id.* at 1–2.)

On February 7, 2026, the Court ordered counsel for Respondents to file a notice by February 9, 2026 at 5 p.m. "demonstrating that the property has been returned, or detailing Respondents' efforts to do so." (Dkt. 9.) In turn, Respondents filed a Status Update explaining that that they "again alerted the agency to the need to address the issue. Since then, the only response from ICE as of the time of this filing was an email indicating that another internal inquiry has been made regarding the keys and phone." (*Id.* at 2.) And "[d]espite two requests made to the agency on February 9, 2026, . . . Respondents' undersigned counsel ha[d] no additional information to provide." (*Id.*)

On February 13, 2026, the Court confirmed with counsel for the parties that Pedro D.'s personal property has yet to be returned to him—nearly two weeks after the Court's Order granting release with all his belongings. Accordingly, **IT IS HEREBY ORDERED THAT:**

1. **On or before February 16, 2026**, Petitioner must file a letter on the docket specifying precisely what property remains missing.

2. If any property has not been returned by then, **on or before February 18, 2026**, Respondents must return such property. **By February 19, 2026**, Respondents must file a declaration certifying the return of the property. If any property has still not been returned, the declaration should describe with specificity the efforts undertaken to return the property.

3. If as of **February 23, 2026**, property remains unreturned, the Court will set a hearing. At that in-person proceeding, counsel for Respondents must be accompanied by one or more representatives of Respondents who can testify as to the efforts undertaken to return the property.

**IT IS SO ORDERED.**

Dated: February 13, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge